HARRY EBSEN ET AL. v. STATE OF NEBRASKA.

FILED MARCH 25, 1932. No. 28211.

*L. A. Sprague, Edward P. Prince, Bernard McNeny* and *C. A. Smedol,* for plaintiffs in error.

*C. A. Sorensen, Attorney General,* and *Homer L. Kyle, contra.*

Heard before GOSS, C. J., DEAN, GOOD, DAY and PAINE, JJ., and LANDIS, District Judge.

PER CURIAM.

The defendants were convicted of bank robbery and were sentenced to the penitentiary for a period of 20 years. Counsel representing plaintiffs in error here did not represent them below.

The errors of law assigned relate to two points: First, handcuffing of the prisoners; second, misconduct of the county attorney.

After the jury were impaneled, just before the attorneys made their opening statements, counsel for defendants requested the court to direct the sheriff to remove the handcuffs from the defendants. The court remarked that the defendants were in the custody of the sheriff and that he was the best judge of whether to keep the handcuffs on or not. Counsel noted an exception to the court referring the matter of his request to the sheriff. Defendants' present counsel argue strongly about the matter here. But, while they allege the fact in the motion for new trial, they do not point out in the record any evidence to indicate that the sheriff did not comply with the request to remove the handcuffs. Even if to leave the handcuffs on the defendants would have been prejudicial, we cannot assume they were so left, and that prejudicial error was therefore committed.

On cross-examination of an alibi witness for Harry Ebsen, the county attorney asked him an improper question. Counsel for Ebsen objected and stated that, "if the county attorney continues this line of cross-examination, we ask for a mistrial." The court sustained the objection and announced that line of questions would no longer be permitted. Defendants did not ask for a mistrial, the county

attorney did not continue that line and it is not shown that the defendants were prejudiced.

The judgment of the district court is

AFFIRMED.